IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW BECKELY, p/k/a DYLAN MATTHEWS and D-MATT, and d/b/a AMERADA MUSIC,<br><br>Plaintiff,<br><br>v.<br><br>REINHARD RAITH, in his personal and professional capacities, p/k/a "Crazy Frog" and "Voodoo & Serano," RONALD CARROLL, professionally known as Ron Carroll and R.O.N.N, in his personal and professional capacities, CERESIA BLANCHARD, p/k/a "Ceresia," in her personal and professional capacities, PATRICK WEBER, in his personal and professional capacities, VOODOO MUSIC GMBH, EMBASSY OF MUSIC GMBH, KONRAD VON LOHNEISEN, in his personal and professional capacities, ONE ENTERTAINMENT GROUP, LLC, an Illinois limited liability corporation, YOUTUBE, LLC, and DOES 1–100,<br><br>Defendants.<br>_____/ | No. C 13-02707 WHA<br><br>**ORDER DENYING SERVICE OF IFP COMPLAINT OVERSEAS AT PUBLIC EXPENSE AND ORDER FOR PLAINTIFF TO APPEAR IN PERSON AT NEXT CASE MANAGEMENT CONFERENCE (NOVEMBER 7, 2013)** |

**INTRODUCTION**

In this contract and copyright dispute, pro se plaintiff moves for reconsideration and to compel service overseas. The motions are **DENIED**. Plaintiff is further ordered to appear in person at the next case management conference.

**STATEMENT**

As this action comes to the undersigned judge, plaintiff has been granted in forma pauperis status by the previous judge. Because of plaintiff's IFP status, the United States Marshals Service had undertaken service of the complaint. The previous judge, however, informed plaintiff on July 23 that the Marshals could not serve overseas defendants and therefore ordered that plaintiff would be responsible for service of those defendants (Dkt. No. 13). Plaintiff now moves for reconsideration of that order and to compel our Clerk to serve the overseas defendants.

Plaintiff is a resident of Michigan, but selected this district for his action. Plaintiff is suing American musical artists and German musical producers and promoters (Dkt. No. 1-1 ¶¶ 5–13). Plaintiff's lengthy pleadings allege that he had various contractual agreements with defendants and participated with them, in some capacity, to create musical productions. Plaintiff's claims boil down to three items. *First*, plaintiff alleges that defendants breached their contracts with him. *Second*, plaintiff alleges that defendants violated his copyright in the musical production they allegedly created together. *Third*, plaintiff alleges defendants damaged his reputation in the music industry by circulating several communications about him and his conduct (*id.* ¶¶ 94–233).

Plaintiff failed to attend the September 11 ADR phone conference and the September 12 case management conference. An order to show cause was issued on September 13. Plaintiff argues that he had technical difficulties receiving notice of the appearances due to his inability to access PACER, unreliable email, and a power outage (Dkt. Nos. 36, 43).

**ANALYSIS**

This is not a typical IFP action. A typical IFP action would involve, for example, an impoverished homeowner being sued to remove him from his home. Here, our plaintiff is IFP. He is seeking large sums and injunctive relief based on his commercial dealings. Usually copyright infringement actions are brought by counsel. Evidently no counsel was interested in taking plaintiff's case.

2

This order addresses two problems: plaintiff's attempt to compel the clerk to serve the overseas defendants, all at taxpayer expense, and plaintiff's failure to appear at his ADR phone conference and case management conference.

### 1. OVERSEAS SERVICE.

The first problem is plaintiff's request that the taxpayers pay for overseas service of his complaint. Plaintiff argues that because of his IFP status, the taxpayer should do this for him. Plaintiff argues that printing costs for his 200 page complaint (including attachments) and costs to comply with the Hague Convention are prohibitive. Plaintiff therefore requests that the Clerk print his complaint and send it by first-class mail to defendants in Germany.

Service by first-class mail would be inadequate under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Proper service to Germany would involve service through a "Central Authority" and may require translation of plaintiff's entire complaint. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. While Article 10 of the Convention allows service by mail, Germany has objected to that provision. The German defendants cannot, therefore, be served by mail. United States Department of State, Service of Legal Documents Abroad, http://travel.state.gov/law/judicial/judicial_680.html (last visited Oct. 8, 2013). The only alternative appears to be service through Germany's "Central Authority" which would involve considerable cost. This order declines to require taxpayers to cover these service and translation costs.

The Third Circuit has held that "the granting of IFP status exempts litigants from filing fees only. It does not exempt litigants from the costs of copying and filing documents [or] service of documents other than the complaint." *Porter v. Dept. of Treasury*, 564 F.3d 176, n.3 (3rd Cir. 2009). Our court of appeals has not decided the issue, namely, whether the Court must arrange for serving overseas defendants at public expense when the IFP plaintiff is not incarcerated and the action appears to be purely commercial. This order holds that the Court is not responsible for service under these circumstances.

3

The Court has reviewed plaintiff's complaint and finds that, on its face, it raises no compelling or special circumstances that would merit making the public pay for overseas service. This is, however, without prejudice to plaintiff suing overseas defendants if he himself can properly and timely serve them. Unless plaintiff advises the Court by **NOVEMBER 7**, **2013**, **AT NOON**, that he will incur the expense of service to Germany, the overseas defendants will be dismissed.

### 2. FAILURE TO APPEAR.

The second problem addressed by this order is plaintiff's failure to appear for the September 11 ADR phone conference and the September 12 case management conference. Plaintiff says that he did not know PACER required a credit card and therefore was not notified about the ADR phone conference. Plaintiff further reports that he had a power outage during the time the ADR phone conference was scheduled. Because he relies on an internet based phone, plaintiff says he would have been unable to attend by phone even if he had known about the ADR conference. Plaintiff has subsequently purchased a pre-paid credit card and a pre-paid cell phone to ensure his future attendance (Dkt. Nos. 36, 43).

Plaintiff does not address his failure to appear at the case management conference (*ibid.*). It is possible that he is confusing the case management conference with the ADR phone conference. *Plaintiff may not appear by phone for case management conferences*. Our courtroom is not configured with adequate audio equipment for a phone appearance to be a viable option. Plaintiff must appear in person.

Plaintiff sued in this district. It is reasonable for plaintiff appear in the district in which he sued and to require that he do so. Plaintiff's recent absences will be excused, but if he does not appear in person at the next case management conference, this action will be dismissed. The next case management conference will be **NOVEMBER 7**, **2013**, **AT 11:00 A.M.** If plaintiff fails to appear, in person, his case will be dismissed.

4

**CONCLUSION**

For the reasons stated above, plaintiff's motions are **DENIED**.  Plaintiff will appear in person for his case management conference on **NOVEMBER 7**, **2013**, **AT 11:00 A.M.**

**IT IS SO ORDERED.**

Dated:  October 9, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE