IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MATTHEW BECKELY, p/k/a DYLAN MATTHEWS,

    Plaintiff,

v.

REINHARD RAITH, et al.,

    Defendants.

No. C 13-02707 WHA

**ORDER DISMISSING ACTION WITH PREJUDICE AS TO ALL DEFENDANTS**

    As stated at the November 7 case management conference, this action in its entirety is **DISMISSED WITH PREJUDICE**. The reasons for the dismissal are as follows.

    In broad terms, the complaint alleges that plaintiff is a co-copyright owner of a musical work entitled "Louder." Plaintiff alleges a putative cause of action under the DMCA against YouTube for restoring public access to the song after plaintiff sent YouTube DMCA takedown notices. Plaintiff asserts copyright infringement, contract, and business tort claims against the other defendants based on their use of his alleged contribution to the work.

    Plaintiff is a resident of Michigan who claims to be indigent. He has been unable or unwilling to obtain an attorney. *In forma pauperis* status was authorized based on his apparent indigency. He chose to bring suit in California against defendants located in this district, New Jersey, Illinois, and Germany. It is reasonable to require the plaintiff to appear in the district in which he himself sued, but he has refused to do so. Although plaintiff participated in the preparation of a joint case management statement, plaintiff refused to appear for a case

1  management conference on September 12 (Dkt. No. 34). Plaintiff also failed to appear for an
2  ADR conference via telephone on September 11 (Dkt. No. 32). All of this was in violation of
3  Civil Local Rules 3-9(a) and 16-10(a).

4  A subsequent order dated October 9 excused plaintiff's repeated failure to appear but
5  notified plaintiff that he must appear in person at the rescheduled case management conference
6  set for November 7 at 11:00 a.m. Plaintiff was specifically warned that "if he does not appear in
7  person at the next case management conference, this action will be dismissed" (Dkt. No. 44 at 4).
8  Nothing was submitted by plaintiff to alert the parties and judge of his plans to appear or not
9  appear, nor submitted afterwards as to his reasons for not appearing.

10 On November 7 at the 11:00 a.m. calendar, the matter was called as noticed. Plaintiff
11 was not present. The matter was put over to the end of the calendar to give plaintiff a further
12 opportunity in case he was stuck in traffic. At the end of the calendar, the matter was called
13 again. Defense counsel for YouTube was present (as before) but still plaintiff was not present.
14 Counsel for YouTube was heard. At the conclusion, the action was dismissed for lack of
15 prosecution and for reasons to be stated in this order.

16 The order dated October 9 also denied plaintiff's request to have the Court pay for
17 service of his complaint on the overseas defendants (*id.* at 3–4). Although plaintiff has been
18 granted *in forma pauperis* status, the order concluded that under the particular circumstances of
19 this action, the cost and burden of proper service under the Hague Convention should not be
20 placed upon the taxpayers. The order required plaintiff to notify the Court by November 7 at
21 noon whether he intended to incur the expense of serving defendants in Germany. Plaintiff
22 failed to respond to the order.

23 Accordingly, this order finds that plaintiff has failed to prosecute this action. This
24 finding, standing alone, warrants complete dismissal.

25 There is more. Plaintiff has engaged in sanctionable misconduct by sending sexually
26 explicit and obscenity-laden emails to counsel for defendant YouTube. In August, plaintiff sent
27 unprompted emails to a female associate attorney representing YouTube, stating: "I still think
28 your [*sic*] hot! Can we speak, informally, about Habeas?" and "your [*sic*] pretty sexy when your

2

[*sic*] prompt and direct" (Dkt. No. 51-1 Exhs. C–D). The emails were followed with another unprompted email stating: "Did you learn that in the 1st Circuit?" — apparently a reference to the young attorney's prior clerkship experience (*ibid.*). A YouTube attorney warned Mr. Beckely that any further communications with the associate would result in a motion for sanctions and a restraining order.

In October, counsel for YouTube asked plaintiff to confirm whether he would attend the November 7 case management conference. Plaintiff responded with an obscenity-laden answer that stated: "FUCK YOU, THE JUDGES UVE CLERKED FOR, AND YOUTUBE. SEE UR BITCH ASS IN COURT" [*sic*] (*id.* Exh. B). This was the final straw. Counsel brought all of the foregoing to the Court's attention in a filing to which plaintiff did not respond.

These communications have and had no place in a United States District Court. Even a non-lawyer like plaintiff must know better. That plaintiff had researched the female associate's background in tandem with the sex comments was rank intimidation. This order finds that plaintiff's misconduct, in and of itself, warrants complete dismissal of the action with prejudice. Lesser sanctions would be inadequate because plaintiff's alleged indigency insulates him from monetary penalties. Furthermore, because plaintiff is a non-attorney proceeding *pro se*, the more common option of referral to the Standing Committee is unavailable.

Finally, the Court has reviewed plaintiff's complaint and finds that, on its face, it is of dubious merit. For the reasons stated by counsel at the hearing on November 7, there is little or no merit to this case. It would be a waste of taxpayer dollars to continue the *in forma pauperis* expense involved and the large imposition on the private parties named as defendants (some of whom have been served). The Court has also considered the other traditional factors that must be weighed prior to a sanction of dismissal and finds that they do not disturb the foregoing analysis.

The action is **DISMISSED WITH PREJUDICE** as to all defendants. Judgment will be entered in a separate order.

The Clerk shall inform the Marshal's Service to cease all efforts to continue serving the complaint and summons on any defendants.

**IT IS SO ORDERED.**

Dated:   November 8, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE