1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MATTHEW BECKLEY,

        Plaintiff,

  v.

REINHARD RAITH, et al.,

        Defendants.

_____/

No. C 13-02707 WHA

**ORDER CERTIFYING
PLAINTIFF'S APPEAL IS NOT
TAKEN IN GOOD FAITH**

     A January 10 referral notice from our court of appeals requested a determination of "whether in forma pauperis status should continue for [Matthew Beckley's] appeal or whether the appeal is frivolous or taken in bad faith." *Beckely v. Raith*, No. 14-15010, Dkt. No. 2 (9th Cir. Jan. 10, 2014). Section 1915(a)(3) states "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. 1915(a)(3). This order finds that plaintiff's appeal is not taken in good faith.

     In this copyright infringement, contract, and tort action, *pro se* plaintiff Matthew Beckley's action against nine defendants (and "Does 1-1000") located in this district, New Jersey, Illinois, and Germany was dismissed with prejudice in a November 2013 order after plaintiff failed to appear at two case management conferences and an ADR phone conference, failed to respond to a court order regarding whether he would serve overseas defendants, and sanctionable misconduct in the form of sending sexually explicit, obscenity-laden, and unprofessional emails to counsel for defendants. The complaint alleged the following claims for relief: (1) fraudulent inducement, (2) negligent misrepresentation, (3) defamation/ tortious

interference with business relations, (4) slander, (5) violation of the Digital Millennium Copyright Act, (6) copyright infringement, (7) infringement of rights of publicity, (8) conspiracy, (9) intentional infliction of emotional distress, (10) negligent infliction of emotional distress, (11) breach of written contract, (12) breach of implied in fact contract, (13) breach of oral contract, (14) interference with exploitation of copyright "Tear It Up," (15) injunction to enjoin commercialization of "Louder," (16) libel per se, and (17) negligence.

The authority of district courts to dismiss an action for failure to prosecute is well-recognized. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Here, plaintiff has failed to comply with at least three court orders in violation of the rules.

Plaintiff has demanded, distracted, and consumed significant time and resources of defendants, defense counsel, three district court judges, ADR staff, the United States Marshals Service, and court staff. This order sets forth the procedural history of the action.

After filing this action, in June 2013, plaintiff sought to seal his complaint (with attachments) spanning over 200 pages and "all the records, filings, affidavits and exhibits in this case, as well as to impose a gag order upon all parties in this case" — the motion was denied (Dkt. No. 2) (Judge Richard Seeborg).

Plaintiff then filed a motion to proceed *in forma pauperis* and a motion to appoint counsel. The motion to proceed *in forma pauperis* was granted based on plaintiff's representations (Dkt. No. 10) (Magistrate Judge Maria-Elena James). Plaintiff stated under penalty of perjury that he was "self-employed," his gross wages were $1,000 per month, and his rent was $700 per month. Counsel was not appointed for him in this civil action, however, because plaintiff failed to show exceptional circumstances pursuant to 28 U.S.C. 1915(e)(1) (Dkt. No. 11).

Summons issued and the United States Marshals Service undertook service of non-overseas defendants. A July 2013 order notified plaintiff that he — not the public — was "responsible for serving all foreign defendants" (Dkt. No. 13). Defendant YouTube, LLC was

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

served and proceeded to make filings in this action.  In August 2013, the action was reassigned to the undersigned judge.  In September 2013, the United States Marshals were able to serve defendant Ceresia Blanchard on a second attempt.

In September 2013, plaintiff failed to appear at an ADR phone conference and at a case management conference in violation of this district's Civil Local Rules 3-9(a) and 16-10(a).  Counsel for Youtube and the ADR staff attorney appeared at the ADR phone conference — plaintiff did not.  Counsel and the Court appeared at the case management conference — plaintiff did not.  The matter was called as noticed and re-called approximately an hour later at the end of the calendar to provide plaintiff extra time to appear.  He never appeared, even though two defense attorneys waited patiently.

A September 2013 order to show cause asked plaintiff to explain why this case should not be dismissed for lack of prosecution (Dkt. No. 35).  His response addressed his failure to appear at the ADR conference, but did not address his failure to appear at the case management conference.  Plaintiff stated that he did not know PACER required a credit card, he had a power outage during the ADR phone conference, and he was not notified of the ADR phone conference.  The same month, plaintiff noticed an "interlocutory appeal," moved for reconsideration of the July 2013 order, moved to "compel clerk's office to service [sic] compliant [sic] upon international defendants via 1st class mail, return service request," and filed other documents.

An October 2013 order excused plaintiff's prior absences, denied his motion to compel service on the overseas defendants at the public's expense, and ordered him to appear in person at the next case management conference.  The order stated "if [plaintiff] does not appear in person at the next case management conference, this action will be dismissed."  This was because (1) plaintiff initiated this lawsuit in this district, (2) his civil complaint requested large sums of damages and injunctive relief based on his commercial dealings so personal appearance pursuant to Local Rule 3-9(a) was required, (3) the undersigned judge's courtroom was not configured with adequate audio equipment for a phone conference even if plaintiff were to request to appear by phone.  The order also explained why requesting taxpayers to pay for

3

United States District Court

For the Northern District of California

1    printing his approximately 200-page complaint (with attachments) and serving it on defendants

2    in Germany pursuant to the Hague Convention was cost prohibitive.  The order set a deadline for

3    plaintiff to advise whether he would incur the expense of serving the overseas defendants, or

4    dismissal would proceed (Dkt. No. 44).  Plaintiff did not respond.

5          Instead, during this time, plaintiff sent counsel for defendants a number of sexually

6    explicit, obscenity-laden, inappropriate, and unprofessional emails.  In August 2013, plaintiff

7    sent unprompted emails to a female attorney representing, stating:  "I still think your [sic] hot!

8    Can we speak, informally, about Habeas?" and "your [sic] pretty sexy when your [sic] prompt

9    and direct" (Dkt. No. 51-1, Exhs. C–D).  In October 2013, plaintiff sent counsel for YouTube the

10   following statement:  "FUCK YOU, THE JUDGES UVE CLERKED FOR, AND YOUTUBE.

11   SEE UR BITCH ASS IN COURT [sic.]" (*id.*, Exh. B).  The same month, he sent different

12   counsel for defendant Ronald Carroll the following statement:  "STIPULATION IS REFUSED!

13   No favors for your clients!  What is your settlement offer?" in response to counsel's request to

14   extend the time for defendant to respond to the complaint (Dkt. No. 48-4, Exh. D).  Even though

15   plaintiff is *pro se*, his complaint states:

16          I am an established musicologist with 27 years of experience doing
             forensic music research.  I have done transcriptions, analysis and
17           comparisons of musical compositions as well as searches of prior
             art for copyright violation cases.  I have advised lawyers on these
18           subjects, written reports for hearings and trials and given testimony
             at depositions.

19
20   (Compl. ¶ 60).

21          In November 2013, plaintiff filed a "motion for default judgment as to defendant Ronald

22   Carroll" seeking entry of "judgment in [plaintiff's] favor in the amount $3,500,000."  The same

23   day, plaintiff filed five other documents, including an "interlocutory appeal" of the orders

24   requiring plaintiff to serve the overseas defendants.

25          On the date scheduled for the second case management conference (since plaintiff failed

26   to appear at the first one), plaintiff did not appear.  The matter was called as noticed and the two

27   defense attorneys, the deputy clerk, the court reporter, and the undersigned judge waited.  The

28   matter was recalled at the end of the calendar but plaintiff did not appear.  He has never

explained this failure to appear, even though an October order expressly warned him that dismissal would enter if he failed to appear yet again.

Accordingly, a November 8 order dismissed with prejudice as to all defendants. The order was made based on three reasons. *First*, dismissal was warranted because of plaintiff's prolonged failure to prosecute and violation of the rules. *Second*, dismissal was appropriate because of plaintiff's sanctionable misconduct. *Third*, plaintiff's complaint was of dubious merit (Dkt. No. 61).

The next day, on November 9, plaintiff filed a "second notice of appeal to the Federal Circuit" stating that the dismissal was in error because this Court "lacked jurisdiction in light of plaintiff's notice of appeal." Plaintiff, with ECF privileges, entered the following docket entry number 63:

> Second NOTICE OF APPEAL to the Federal Circuit by Matthew Beckely. THE JUDGE FUCKED UP AND DISMISSED MY CASE WITH NO JURISDICTION TO DO SO WHEN THE FUCKING APPEAL WAS ALREADY FILED Appeal Record due by 12/9/2013. (Beckely, Matthew) (Filed on 11/9/2013) (Entered: 11/09/2013)

The undersigned judge issued a notice advising plaintiff that he may have taken his appeal to the wrong appellate court and asking the parties to please advise the appellate judges of at least an inappropriate email sent by plaintiff to the civil docketing clerk in the clerk's office of this district court (Dkt. No. 64).

On November 12, *pro se* defendant Ceresia Blanchard, located in New Jersey, filed a case management statement, dated October 30, wherein she stated that she "reside[s] in NJ and cannot afford to fly to SF," "anticipate[s] filing a motion to dismiss" and was "contesting the substance of basis [sic] of the plaintiffs [sic] allegations" (Dkt. No. 65).

                    *              *              *

Our court of appeals has stated:

> In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik*, 963 F.2d at 1260–61. Dismissal, of course, is a harsh penalty and should only be imposed in extreme circumstances. This order finds, however, that the first, second, third, and fifth factors weigh in favor of dismissal. Here, plaintiff expects eight defendants (not all of which have been properly served) located in this district, New Jersey, Chicago, Germany, and "Does 1-1000" to appear in this action alleging seventeen claims for relief when plaintiff himself refuses to appear for court-scheduled case management conferences. Indeed, plaintiff has already failed to appear at two case management conferences and an ADR phone conference, thereby wasting defense counsel, the Court, and the public's time and money. This order must therefore place lesser weight on the fourth factor because it is difficult to see how to adjudicate this case on the merits when plaintiff refuses to appear at case management conferences and intimidates defense counsel with obscenity-laden emails.

It is painfully clear from the above procedural history that plaintiff has not complied with the letter or spirit of the Court's orders and the rules. Plaintiffs failure to appear at court-scheduled hearings indicates a lack of interest in vindicating whatever rights he may have. It is blatantly discourteous to waste the time and resources of defendants, including a *pro se* defendant's time, and the Court. By thwarting the scheduling efforts of all involved, dismissal is the only practical solution.

This order thus finds that plaintiff's appeal is not taken in good faith for there is no substantial question for review and it would be a needless expense for the court of appeals to review the question posed by plaintiff's appeal. That is, whether the dismissal was "in grave error as [the district court] lacked jurisdiction in light of the plaintiff's notice of appeal," meaning whether this district court lacked jurisdiction to enter dismissal because of plaintiff's first appeal relating to service on overseas defendants at the public's expense and personal appearance at a case management conference (Dkt. Nos. 54, 63). There is no question that there was jurisdiction to enter dismissal. This Court was not stripped of jurisdiction merely because plaintiff filed an appeal after a prior order requested personal appearance and plaintiff did not appear.

United States District Court

For the Northern District of California

1    This is not a *pro se* tenant about to be put out in the cold.  This is a *pro se* commercial

2   plaintiff seeking to sue numerous individuals and entities in a venue very inconvenient to them,

3   to use the resources of the United States Marshals to serve them, and to take defaults against the

4   defendants in large amounts, all at taxpayer expense.  In the Court's view, this is a scam.

5   Plaintiff himself fell victim to his own selection of venue and repeatedly failed to appear.  His

6   case is so cluttered with profanity and disrespect that the Court can find no merit in allowing it to

7   continue at public expense.  If the appeal is to continue, it is the district court's view that it

8   should be continued only at plaintiff's expense.  Accordingly, this order certifies that plaintiff's

9   appeal is not taken in good faith.

10

11      **IT IS SO ORDERED.**

12

13   Dated:   January 14, 2014.

14                                                    WILLIAM ALSUP
                                                     UNITED STATES DISTRICT JUDGE